JOSEPH PETERS FURNITURE CO. v. H. M. DICKEY.

(No. 403.)

SUBSEQUENT ATTACHING CREDITORS, rights of; intervenor must cite all parties interested.

APPEAL from Wise county. Opinion by DELANEY, J.

STATEMENT. — Appellee originally instituted this suit against J. W. Young on a promissory note, and made affidavit and executed bond for an attachment, which was levied on a stock of furniture as the property of Young. Afterwards the Joseph Peters Furniture Company filed a plea in reconvention in the above suit and had Young cited. Upon a trial in the original suit the court rendered an interlocutory judgment, foreclosing the attachment lien on the property levied on, and ordering the proceeds of the attachment sale, in the hands of the clerk, to be paid over to appellee, the judgment, however, not to be made final until the rights of appellants and other intervenors in the suit were determined.

Appellants amended their plea, setting up substantially Young's indebtedness to themselves and other parties; that said Young was hopelessly insolvent; that appellee was well aware of this fact; that the note sued on was without consideration; that the note was executed, the attachment sued out and levied for the purpose of hindering, delaying and defrauding the appellants and other creditors; that this appellant had a judgment against said Young with an order foreclosing an attachment on the property levied on next after that of appellee, etc. Exceptions were sustained to this answer, and, appellants declining to amend, the suit was dismissed.

When this case was called in the court below, appellee Dickey, who was the plaintiff in the suit of Dickey v. Young, presented a general demurrer and several special exceptions. The general demurrer and two of the special exceptions, second and fifth, were sustained. The point made in both of these exceptions was that at the date of the fil-

ing of the plaintiff's suit against Young the intervenor had no interest in, or lien upon, the goods attached in that suit.

Opinion.— This raises the question whether a subsequent attaching creditor can intervene in the suit of a previous attaching creditor against the same defendant, and impeach the validity of the previous attachment on the ground of fraud.   It seem to be well settled that he cannot intervene and avail himself of mere irregularities in the proceedings. Drake on Attach., 5th ed., sec. 262.   See, also, sec. 273, same author.   The case of Peiser & Co. *v.* Peticolas, 50 Tex., 636, is somewhat in point.   This case was affirmed by supreme court, 53 Texas, 24.   Mr. Drake, in section 265, cites authorities from many of the states to the same effect.

The petition of second intervenor, Bryan, is like the first; both pray for an injunction to restrain clerk from paying the money to plaintiff, and offer to give any bond the court might require.   In addition to the exceptions which the plaintiff had urged against the first intervention, he excepted to that of Bryan because the latter had not caused the defendant Young to be cited.   As a general rule an intervenor must give notice to all the parties to the cause, because they are generally interested in whatever claim he may set up.   Sayles & B., Pl. & Pr. (3d ed.), sec. 281.   But defendant Young had no interest.   No relief was asked against him and no judgment which might be rendered could affect him.   All three of the contesting creditors had levied attachments upon his property, and all obtained judgment against him.   The property had been sold, and the money was now in the hands of the court.   The only question was about the disposition of the fund.   In that question Young had no interest whatever.

He was not complaining, and we do not think that plaintiff should be heard to object in his name.   The judgment is reversed and the cause remanded.

Reversed and remanded.